**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 11:10 AM July 5, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| LAUREL VALLEY OIL CO., ) | CASE NO. 05-64330 |
| ) | |
| Debtor. ) | ADV. NO. 12-6014 |
| _____ ) | |
| ANTHONY J. DEGIROLAMO, ) | JUDGE RUSS KENDIG |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **MEMORANDUM OF OPINION** |
| MCINTOSH OIL CO., ) | **(NOT FOR PUBLICATION)** |
| ) | |
| Defendant. ) | |

Plaintiff, the chapter 7 trustee, filed a complaint to recover allegedly fraudulent transfers and preferential payments made to Defendant McIntosh Oil Company ("Defendant"). On April 4, 2012, Defendant filed a motion to dismiss the complaint. Plaintiff opposes dismissal and has filed a cross-motion to allow discovery to proceed. The motion to dismiss and motion for summary judgment are before the court for consideration.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984, now superseded by General Order 2012-7 dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor bought and sold petroleum products, including diesel fuel. Debtor would buy the fuel wholesale, from Marathon Ashland Petroleum LLC, then re-sell the fuel to third-parties, including Defendant, who then resold it.

In 2000, Debtor began preselling fuel to certain customers, including Defendant. The customer would pay cash for fuel to be delivered at a future date. These transactions resulted in immediate cash for Debtor and a price lock on the fuel for the customer. Risk to both parties was inherent in the transaction. Debtor risked a price fluctuation to its detriment and the customer risked nondelivery of a prepaid product. Both parties eventually realized the risks.

Trustee alleges that Debtor lost money on every single transaction with Defendant in the year before the involuntary bankruptcy petition was filed against Debtor. Trustee specifically alleges that Defendant paid $11,379.731.19 for fuel that had a market value of $15,050,917.68, resulting in a $3,671.186.50 loss to Debtor.

Defendant's risk was realized when it paid close to $2 million dollars for fuel in July 2005, representing 1.215 million gallons, which was never delivered.

On January 31, 2012, Trustee filed a multicount complaint against Defendant, alleging the transactions between Defendant and Debtor in the year before the filing were either fraudulent or preferential. Defendant responded with a motion to dismiss for failure to state a claim or properly plead.

## LAW AND ANALYSIS

In its motion to dismiss, Defendant relies on Federal Rules of Civil Procedure 8, 9, 12(b)(6), and 56, as adopted into bankruptcy practice in Bankruptcy Rules 7008, 7009, 7012 and 7056. Under various theories, Defendant seeks dismissal of all counts of the complaint.

### I. Applicable legal standards

Defendant's primary argument tests the sufficiency of Plaintiff's complaint. Under Rule 8(a), Plaintiff is required to set forth a "short and plain statement of the claim showing that [it] is entitled to relief." This type of notice pleading is intended to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Entitlement to the relief sought must be plausible, requiring a plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft

2

v. Iqbal, 556 U.S. 662 (2009) (citation omitted). An exception exists for fraud claims. Under Rule 9(b), fraud must be pled with particularity. To fulfill this obligation, a plaintiff must, "at a minimum, allege the time, place and content of the alleged [fraud]; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Bledsoe v. Cmty. Health Sys., Inc., 501 F.3d 493, 504 (6th Cir. 2007) (citations omitted).

Failure to state a claim upon which relief can be premised warrants dismissal under Rule 12(b)(6). "To state a valid claim, a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." Citibank v. IL Union Ins. Co. (In re Commercial Money Ctr., Inc.), 508 F.3d 327, 336 (6th Cir. 2007) (citations omitted). In reviewing a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff can undoubtedly prove no set of facts in support of his claim that would entitle him to relief." Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 511-12 (6th Cir. 2011). The bent in Plaintiff's favor does not extend to "legal conclusions or unwarranted factual inferences." Bohanan v. Bridgestone/Firestone North Am. Tire, LLC., 260 Fed.Appx. 905 (6th Cir. 2008) (citing Mixon v. Ohio, 193 F.3d 389, 400 (6th Cir. 1999)).

Defendant dislikes the manner in which Plaintiff pled this case. Defendant suggests that Plaintiff's practice of not pleading specific factual allegations in each count, and making a formulaic recitation of the statutory basis for the count, is flawed. Although Plaintiff did not directly identify the factual allegation related to each individual element in each separate count, Plaintiff does incorporate all factual allegations into each count. This is termed "shotgun pleading" and is problematic when it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Peavey v. Black, 2012 WL 986801 (11th Cir. 2012) (unpublished) (citing Anderson v. Dist. Bd. of Trs. Of Ctr. Fla. Cmty. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996)). This is not such a case.

The complaint contains a total of eleven background factual allegations. There are seven counts for two separate legal theories, namely fraudulent and preferential transfers, against a single defendant. This is clearly not in the same realm as actionable shotgun pleadings. *See, e.g.* Lasson v. Brannon & Assoc., 2008 WL 471537, * 4 (S.D. Ohio 2008) (unpublished) ("[e]stimating, conservatively, the Complaint raises 160 claims (40 defendants x 4 Counts = 160 claims" and may contain 480 claims); Johnsonville Enter. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1332 (11th Cir. 1998) ("the problem started with a fifty-page, 173 paragraph complaint that began with thirty-seven paragraphs of general allegations that were incorporated by reference into each count of the complaint.") *cf.* Jimmy Smith Racing Tires, Inc. v. Ashleman, 2006 WL 2699127 (N.D. Ga. 2006). Consequently, any argument for a Rule 8(a) dismissal on a "shotgun pleading" basis is not persuasive.

Finally, in support of its motion to dismiss, Defendant filed the Declaration of Robert Schenk on April 4, 2012. In accordance with Rule 12(b)(6), if materials outside the pleadings are considered by the court, "the motion must be treated as one for summary judgment under Rule 56." The court has not considered the affidavit, making Rule 56 inapplicable for Defendant's motion to

3

dismiss.  The case is procedurally too young for a summary judgment motion, *see* Vance v. U.S., 90 F.3d 1142 (6th Cir. 1996), thus excluding the affidavit preserves Defendant's motion.

## II.     Fraudulent transfers based on actual intent

11 U.S.C. § 548(a)(1)(A) authorizes a trustee to avoid a transfer "made . . . with actual intent to hinder, delay, or defraud."    When a complainant relies on an actual intent to defraud as the basis for a fraudulent transfer, pleading must be in accord with Rule 9(b), which requires "stat[ing] with particularity the circumstances constituting fraud or mistake."   *See* Deluxe Pattern Corp. v. Winget (In re NM Holdings Co., LLC), 407 B.R. 232 (Bankr. E.D. Mich. 2009). Defendant argues Plaintiff failed to satisfactorily plead fraudulent intent.   In the fraudulent transfer counts, Plaintiff incorporates all the preceding allegations and, in paragraph twenty-seven of the complaint, sets forth a formulaic recitation of the statutory language.   Defendant contends this is deficient.   Debtor disagrees, arguing that the fraudulent intent is inherent and can be inferred from the allegations of the Ponzi-like scheme that Debtor operated.

Contrary to Defendant's position, the heightened pleading requirement for fraud does not extend to pleading intent with particularity.   Federal Rule of Bankruptcy Procedure 7009, adopting Federal Rule of Civil Procedure 9 into bankruptcy practice, provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged *generally*." Fed.R.Civ.P. 9(b) (emphasis added).   However, "this leeway is not a license to base claims of fraud on speculation and conclusory allegations. [P]laintiffs must allege facts that give rise to a strong inference of fraudulent intent."   Krys v. Aaron (In re Refco Inc. Sec. Litig.), 826 F.Supp.2d 478 (S.D.N.Y. 2011) (citations omitted).   This can be satisfied by '(1) alleging facts to show . . . both motive and opportunity to commit fraud, or by (2) alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness.'   Id. (citing S.Q.K.F.C., Inc. v. Bell Atlantic TriCon Leasing Corp., 84 F.3d 629, 634 (2nd Cir. 1996)).

In the face of the unlikelihood of direct evidence of actual fraud, courts permit actual intent to be pled based on circumstantial evidence or the badges of fraud.   Michaelson v. Farmer (In re Appleseed's Intermediate Holdings, LLC), 2012 WL 478652 (D. Del. 2012) (reporter citation not yet available) (other citation omitted).   Examples of indicia of fraud include "[i]nadequacy of consideration, secret or hurried transactions not in the usual mode of doing business, and the use of dummies or fictitious parties."   U.S. v. Leggett, 292 F.2d 423, 427 (6th Cir. 1961) (citations omitted).   Additionally, Ohio's fraudulent transfer statute codified other badges of fraud:

> (1) Whether the transfer or obligation was to an insider;
>
> (2) Whether the debtor retained possession or control of the property transferred after the transfer;
>
> (3) Whether the transfer or obligation was disclosed or concealed;
>
> (4) Whether before the transfer was made or the obligation was incurred, the debtor had been sued or threatened with suit;

4

(5) Whether the transfer was of substantially all of the assets of the debtor;

(6) Whether the debtor absconded;

(7) Whether the debtor removed or concealed assets;

(8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(10) Whether the transfer occurred shortly before or shortly after a substantial debt was incurred;

(11) Whether the debtor transferred the essential assets of the business to a lienholder who transferred the assets to an insider of the debtor.

O.R.C. § 1336.04(B).

The court finds that Plaintiff adequately pled facts that may, when viewed in Plaintiff's favor, support an inference of fraudulent intent. Plaintiff's complaint contains allegations which are conceivably badges of fraud. Paragraphs twenty-two and twenty-three directly go to the adequacy of consideration in the transactions. Paragraph seventeen alleges that the prepay system was not customary, but a change in business dealing. In paragraph nineteen, Plaintiff alleges deepening insolvency. Plaintiff also alleges that Defendant knew it was buying fuel at a discounted, below market price. (Complaint ¶¶ 22, 24). Plaintiff met its pleading burden on the fraudulent transfer claims based on actual fraudulent intent. The motion to dismiss on this ground is not well-taken and is denied.

### III. Preference claims based on Ohio statute

Defendant contends Plaintiff failed to satisfactorily plead its preference claim under Ohio Revised Code § 1313.56. To succeed on a § 1313.56 preference claim, Plaintiff must show "(1) a sale, conveyance, transfer, mortgage, or assignment made by a debtor; (2) in contemplation of insolvency; (3) with a design to prefer; and (4) the receiving party knew of the insolvency and intent to prefer." Congrove v. McDonald's Corp. (In re Congrove), 2005 WL 2089856, *9 (B.A.P. 6th Cir. 2005) (unpublished) (citations omitted). Defendant posits Plaintiff did not plead facts supporting that Debtor's actions were in contemplation of insolvency and were designed to prefer Defendant over other creditors. The court disagrees.

In Congrove, the Bankruptcy Appellate Panel explained that "a debtor makes a transfer 'in contemplation of insolvency' when he transfers property to a creditor due to the state of his

5

financial affairs and an inability to meet his financial obligations.' Id. (citations omitted). Paragraphs seventeen and nineteen clearly satisfy Plaintiff's pleading requirements on this element. Defendant also unsuccessfully challenges Plaintiff's presentation under the third element, the "design to prefer." Paragraphs nineteen and twenty of the complaint sufficiently plead this element. Debtor has alleged that selling diesel fuel to Defendant at below market prices resulted in Debtor's inability to pay its supplier, Marathon, and eventually resulted in Marathon and other creditors filing an involuntary petition. This amply suggests Debtor's design to prefer Defendant over other creditors. Plaintiff met its basic pleading standards under Rule 8 and the motion to dismiss the complaint on this ground is denied.

### IV. Fraudulent transfers based on constructive intent

Defendant also objects to Plaintiff's pleading of counts two, four and five. Defendant contends that Plaintiff summarily set forth legal conclusions on the factual issue of "reasonably equivalent value." This argument is discussed in section five below.

Next, Defendant states that Plaintiff failed to allege that the transfers were made when Debtor was insolvent. There is some merit to this claim. Paragraph seventeen states that Debtor was experiencing a cash flow shortage, which could suggest that Debtor was not paying its bills as they came due, a definition of insolvency under Ohio law. O.R.C. § 1336.02(A)(2). As stated above, paragraph nineteen refers to the deepening insolvency of Debtor as a result of the transactions. Taken in the light most favorable to Plaintiff, worsening insolvency suggests that Debtor was insolvent to start. Requiring Defendant to reach this far, however, fails to provide appropriate notice to Defendant. Considering that Plaintiff has presented some basis for a factual allegation on insolvency, the court finds that dismissal of the counts would be unjust. Plaintiff will be permitted to amend the complaint.

The court overrules Defendant's concerns on count two, the count for fraudulent transfer under 11 U.S.C. § 548(a)(1)(B). The statute requires proof that the transaction was for less than reasonably equivalent value plus proof of one other qualifying condition outlined in § 548(a)(1)(B)(ii)(I)-(IV).[1] Plaintiff recites the first three conditions in paragraph thirty-two, but Defendant contests Plaintiff's presentation of any factual allegations to satisfy these conditions. The court disagrees. Paragraph nineteen states that Debtor needed to expand the prepay business in order to meet its business obligations. This suggests that Debtor did not have sufficient resources to continue without the additional influx of capital. This allegation is a sufficient factual premise for assertion of a fraudulent transfer claim under 11 U.S.C. § 548(a)(1)(B)(ii)(II) and (III) and under count four, the Ohio fraudulent transfer claim under O.R.C. § 1336.04(A)(2). Because § 548(a)(1)(B)(ii)(I) involves insolvency, the court finds it is deficient as outlined above. The court will allow Plaintiff to re-plead on § 548(a)(1)(B)(ii)(I) and proceed on § 548(a)(1)(B)(ii)(II) and (III) without the need for amendment.

Defendant raises a similar argument related to count five, specifically targeting paragraph forty-two of the count for fraudulent transfer under O.R.C. § 1336.05(A). According to

---

1 Plaintiff does not present a claim under § 548(a)(1)(B)(ii)(IV).

Defendant, Plaintiff has failed to present any allegation that any transfers were made "after a claim of a creditor . . . arose." The court agrees. Plaintiff's allegations do not document any timing sufficient to satisfy the statute, which states:

> (A) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

None of the allegations identify a pre-existing creditor at the time of any of the transfers. Plaintiff's response suggests that Marathon was the pre-existing creditor and repeatedly references the impact on Marathon, the supplier. The problem is the allegations do not establish the business dealings between Debtor and Marathon except that Debtor purchased fuel from Marathon. Thus, the court cannot determine whether (1) Debtor purchased fuel and paid for it upon receipt of the proceeds from the resale of the fuel, or (2) Debtor purchased and paid for fuel, then sold it at a loss in order to have capital. Under one scenario, Marathon is a pre-existing creditor; under the other scenario, it is not. The complaint simply does not provide any clarity on this point and is therefore deficient. It is also possible that there are other creditors, but this is not stated. The court will allow Plaintiff to amend the complaint.

### V. Reasonably equivalent value and safe harbor defenses

Finally, Defendant advances two defenses which it claims are dispositive of Plaintiff's claims. First, Defendant argues that any counts involving requirement of proof that the exchange was not for reasonably equivalent value must be dismissed because the transfers were for reasonably equivalent value *per se*. Second, Defendant maintains that the transfers are settlement payments on forward contracts, thereby entitling it to a safe harbor defense. Defendant launches into a discussion of applicable law. The court finds that the arguments are beyond the scope of a Rule 12(b)(6) motion to dismiss, which is simply meant to test the sufficiency of the complaint from the face of the allegations. Goldman v. Belden, 754 F.2d 1059 (2nd Cir. 1985) (citation omitted). Defendant's attempts to test the sufficiency of the allegations transcend what is appropriate on a motion to dismiss. *See, e.g.,* Asip v. Nielsen Media Research, Inc., 2004 WL 315269, *3 (S.D.N.Y. 2004) (unpublished) (refusing to consider a laches argument that "cannot be resolved solely from a review of the complaint") *cf.* Concrete Sys, Inc. v. Pavestone Co., L.P., 112 Fed.Appx. 67 (1st Cir. 2004) (unpublished). The question " is not what the plaintiff is required ultimately to *prove* in order to prevail on [the] claim, but rather what [plaintiff] is required to *plead* in order to be able to develop [the] case for eventual adjudication on the merits." Gorski v. New Hampshire Dep't. of Corr., 290 F.3d 466, 472 (1st Cir. 2002) (emphasis original).

This is not to say a defense can never underpin a 12(b)(6) dismissal. There are situations where

> the claim is stated adequately . . . but in addition to the claim
> the contents of the complaint includes [sic] matters of avoidance
> that effectively vitiate the pleader's ability to recover on the
> claim. In [such a] situation [] the complaint is said to have a
> built in defense and is essentially self-defeating.

Riverview Health Inst. LLC v. Med. Mut. of Ohio, 604 F.3d 505 (6th Cir. 2010). Clear examples may include a statute of limitations defense, or defenses rooted in privilege or immunity. *See, e.g.,* Budsgunshopcom, LLC v. Security Safe Outlet, Inc., 2012 WL 1899851 (E.D. Ky. 2012) (reporter citation not yet available) (listing cases dismissing a complaint for failure to state a claim based on an affirmative defense); Classic Commc'ns, Inc. v. Rural Tel. Serv., Inc., 956 F.Supp. 910 (D. Kan. 1997). However, the Sixth Circuit limits the availability of a Rule 12(b)(6) dismissal to situations where "the plaintiff has anticipated the defense and explicitly addressed it in the pleadings." Pfeil v. State St. Bank and Trust Co., 671 F.3d 585 (6th Cir. 2012) (citing Hecker v. Deere & Co., 556 F.3d 575 (7th Cir. 2009)). Plaintiff's complaint does not meet this prerequisite. Defendant's arguments are therefore more suited to a motion for summary judgment.

## VI. Plaintiff's Rule 56(d) motion

In addition to its response to the motion to dismiss, Plaintiff moved under Rule 56(d) to allow discovery to progress before ruling on Defendant's motion for summary judgment. The court has not deemed the motion to dismiss to be a motion for summary judgment, making the motion moot. Additionally, the outcome of this opinion will provide Plaintiff the relief it sought.

## **CONCLUSION**

A well-drafted complaint should give a defendant fair notice of the basis for the claims asserted against it and provide a foundation suggesting the claims are plausible. When fraud is alleged, a stricter standard requires pleading with particularity, except on the element of intent. With two exceptions, the court finds that Plaintiff satisfied its pleading burden. The relatively straight-forward factual allegations provide a basis for the preferential and fraudulent transfer claims. Plaintiff has outlined allegations which, viewed in its favor, give rise to an inference of fraudulent intent. Plaintiff, however, did not sufficiently allege insolvency, nor did it identify the pre-existing creditor required for the state law fraudulent transfer claim under O.R.C. § 1336.05(A). Although the court found the pleading deficient on these points, the complaint was not completely devoid of relevant allegations. Consequently, in the interest of justice and to further a decision on the merits, the court will provide Plaintiff time to amend the complaint.

The court finds Defendant's legal arguments on "reasonably equivalent value" and the safe harbor defense to be premature. Arguing legal defenses on a motion to dismiss is limited to those defenses which a plaintiff clearly anticipates and addresses in a complaint. The court is not convinced Plaintiff's complaint satisfies this requirement. As a result, the court finds arguments

8

on these points to be better suited to a motion for summary judgment.

An order will be entered immediately.

#   #   #

**Service List:**

Jack B Cooper
Day Ketterer
200 Market Ave N
#300
Canton, OH 44701-4213

Alan M Koschik
Jospeh Dattillo
Brouse McDowell, L.P.A.
600 Superior Avenue, E.
Suite 1600
Cleveland, OH 44114

Louise M Mazur
388 S Main St
#500
Akron, OH 44311-4407